CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 21, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE BARKSDALE,   )  | |
|     Plaintiff,   ) | Civil Action No. 7:25cv00084 |
| ) | |
| v.   ) | OPINION and ORDER |
| ) | |
| GLEN YOUNGKIN, et al.,   ) | By:  Robert S. Ballou |
|     Defendants.   ) | United States District Judge |

    Plaintiff Donald Wayne Barksdale, a Virginia inmate proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 against the Governor of Virginia, the Attorney General, and the Virginia General Assembly, in their "official and public capacity."  In preliminary screening of this case, required by 28 U.S.C. § 1915A(a), I find the Complaint to be frivolous, without merit, and seeking monetary compensation from those who are immune from providing such relief.  Accordingly, I will dismiss the Complaint.

    Barksdale alleges "constructive fraud" and deprivation of his inherent natural right to liberty, to contract, and due process of law.  He claims that the state is unlawfully enriching itself by the unlawful creation and enforcement of statutes that apply only to artificial beings, not to "live, living flesh and blood beings" unless they consent.  These allegations have the "hallmarks of the 'sovereign citizens' movement, whose followers believe they have special rights and often object to jurisdiction on frivolous and unfounded grounds."  *Rosser v. Carson*, No. 7:19CV00156, 2019 WL 1474009, at *2 n.2 (W.D. Va. April 3, 2019).  The arguments state no violation of the Constitution or federal law; they are patently frivolous and without merit, having no conceivable validity in American law.  *Id.* (internal citations omitted).

    Further, the defendants are immune from suit based on sovereign immunity and the Eleventh Amendment.  The Eleventh Amendment bars private suits in federal court against a

state and any governmental arms of the state unless Congress has abrogated the immunity. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 830 (N.D. Md. 2013). The court's observation in *Weigel* that the judicial branch, having been vested with judicial power by the state's constitution was then an arm of the state, is equally applicable here. *Id.* at 831. The Commonwealth of Virginia vested the General Assembly with the legislative power of the state government. Va. Const. art. 4, § 1. The governor and attorney general are also arms of the state. *Weigel*, 950 F. Supp. 2d at 831; Va. Const. art. 5, §§ 1, 15. Section 1983 does not eliminate sovereign immunity for arms of the state. The state is not a "person" who is liable for violation of a citizen's federal constitutional rights. Neither are government officials when acting in their official and public capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

For the reasons stated, it is **ORDERED** that the Complaint under 42 U.S.C. § 1983 is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and pursuant to 28 U.S.C. § 1915(b)(2) as seeking monetary relief from defendants who are immune from providing such relief. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) is **DISMISSED** as moot, and this action is **STRICKEN** from the active docket of the court.

The Clerk is directed to send a copy of this Opinion and Order to Mr. Barksdale.

Enter: April 18, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge